Reese, J.
delivered the opinion of the court.
It appears from the bill, answer and proofs in this cause, that in 1840 the defendant sold in the city of Nashville, at auction, a negro man slave to one Felix Robertson, a steam *343 boat captain, engaged in the Nashville and New Orleans trade, for the sum of seven hundred and five dollars.
The terms of the sale were a credit of twelve months to the purchaser on his giving a negotiable note with satisfactory endorsers, payable in bank for the purchase-money. The purchaser, Robertson, received from the auctioneer immediate possession of the slave — procured a friend to make a note for the amount bid, which he and another endorsed, and in a few hours after the sale he put the slave on board a steamboat and sent him forthwith to the south whither about the same time he went himself. When the defendant, who resided in Smith county received the security for the consideration or price of the slave, it was not satisfactory to him, and he caused the note to be returned to the maker some weeks after the transaction of the sale. About the same time the defendant represented to the complainant that the contract of sale with Robertson had not been satisfactorily complied with by Robertson; that he regarded the same as rescinded, and that he did not doubt that Robertson would surrender or return the slave, and proposed to sell him to the complainant for the same price and on the same credit. The complainant who is a captain of a steamboat, engaged in the trade between Nashville and New Orleans, believing that Robertson, under the circumstances would, when he saw him, surrender to him the slave on the order of the defendant, agreed to give the price, and executed to the defendant his bill single with surety, and took an order from the defendant to Robertson to deliver to him the slave. When the boating season commenced, the complainant descended the river to New Orleans, and when he first saw Robertson, which was not until after the return of the latter from the Republic of Texas, then a foreign State, he was informed by him that he had left the slave with his, Robertson’s brother, in Texas, and that he would not be delivered up to him. In fact, it is probable that by the laws of the United States, he could not then have been delivered to him within the United States as a slave, after having been so taken to Texas. Be that as it may, Robertson would not deliver the negro. The *344 defendant has obtained at law a judgment upon the bill single, which it is the object of this suit to enjoin.
Whatever contrariety and conflicts of testimony may be found upon the record, we think it is clear that the complainant did not consider himself as purchasing, or the defendant consider himself as selling the mere claim to, or chance of the slave, or a law suit on the subject of the slave with Robertson.
We think this from the conversations between the parties at the time of the sale, from the fact that the complainant appears to have given a full price, the same price which Robertson had agreed to give, and from the order given at the time by the defendant to Robertson to deliver the' slave to the complainant, which seemed to contemplate delivery as a necessary part of, and the consummation of the contract.
There is no doubt indeed, we think, that both parties supposed that there would be no difficulty on the part of-Robertson, on the subject of delivering the slave; but with regard to this they were both alike mistaken. The slave at the time, in view of the dispositions and acts of the first purchaser, Robertson, was as much lost to the complainant as if he had been dead. If this latter state of things had existed, the complainant could not have been held to the payment of the price, unless he had taken upon himself the risk of that event; nor will he be held to the payment of the price under the circumstances of this case, unless it could be made to appear expressly or by legitimate inference from the nature of the transaction, that the complainant took upon himself the risk of the delivery by Robertson, and contracted to be bound at all events. This does not appear to us to have been so.
The argument that collusion between Robertson and the complainant may have existed, we are not at liberty from the proof in the record to adopt. We are of opinion, therefore, that the complainant is entitled to the relief prayed for in the bill. But as the complainant was negligent in informing defendant of the conduct of Robertson with regard to the non-delivery of the slave and the attitude of defendant’s *345 interests in the matter, let him pay the costs at law and half the costs in chancery.